Filed 6/27/24  P. v. Montanez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL MONTANEZ,<br><br>    Defendant and Appellant. | B327793<br><br>(Los Angeles County<br>Super. Ct. No. BA439509) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Roberta L. Davis and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Paul Montanez (defendant) appeals from the trial court's denial of his Penal Code section 1172.6 (former section 1170.95) petition seeking resentencing on a prior conviction for murder.[1]  We consider whether the trial court correctly found defendant could not make a prima facie case for relief because his jury found—*after* our Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522—that defendant was a major participant in the underlying crimes who acted with reckless indifference to human life.

## I.  BACKGROUND

### A.    *Defendant's Trial and Direct Appeal*

In February 2014, defendant went to the home of Norman Benavides (Benavides) with two acquaintances, Miguel Marquez and Aaron Gallardo (Gallardo).[2]  They were ostensibly there to buy marijuana from Benavides, but instead, they beat and shot Benavides and fled with a bag.

Defendant was charged with murder and robbery and a trial jury found him guilty in May 2018.  As pertinent here, the jury found the murder was in the first degree and found true allegations that the killing was committed while defendant was engaged in the commission of a robbery and burglary.  (§ 190.2, subds. (a)(17)(A) & (a)(17)(G).)

---

[1]    Undesignated statutory references that follow are to the Penal Code.

[2]    This court dismissed Gallardo's appeal from the denial of his petition for resentencing in November 2023.

On direct appeal, defendant argued certain evidence should have been suppressed, the trial court improperly failed to consider his ability to pay certain fines and assessments, and he was entitled to relief under section 1172.6. This court affirmed the judgment without ruling on defendant's eligibility for relief under section 1172.6, explaining at the time that defendant must avail himself of the petitioning procedure provided by the statute.

B. *Defendant's Petition for Resentencing*

Defendant filed a section 1172.6 petition for resentencing in the trial court in May 2022. The trial court appointed counsel to represent him.

The prosecution opposed defendant's petition and argued defendant was ineligible for resentencing under section 1172.6 because the jury instructions and verdict establish he was guilty of murder even after amendments to the murder statutes, sections 188 and 189. With its opposition, the prosecution submitted copies of the instructions given to the jury at defendant's trial, which included instructions prepared using the CALCRIM Nos. 702 and 703 pattern instructions.

The CALCRIM No. 702 instruction provided, in pertinent part: "If you decide that the defendant is guilty of first degree malice murder but was not the actual killer, then, when you consider the special circumstances of murder during the commission of a robbery and murder during the commission of a burglary, you must also decide whether the defendant acted with the intent to kill. In order to prove these special circumstances for a defendant who is not the actual killer but who is guilty of first degree malice murder as an aider and abettor, the People must prove that the defendant acted with the intent to kill.

3

[¶] . . . [¶]  If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with the intent to kill for the special circumstances of murder during the commission of a robbery and murder during the commission of a burglary to be true.  If the People have not met this burden, you must find these special circumstances have not been proved true."

The CALCRIM No. 703 instruction specified the factors our Supreme Court outlined in *Banks* to decide whether a defendant qualifies as a major participant in a murder and defined reckless indifference to human life.  In pertinent part, the instruction provided:  "If you decide that the defendant is guilty of first degree felony murder but was not the actual killer, then, when you consider the special circumstances of murder during the commission of a robbery and murder during the commission of a burglary, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life.  [¶]  In order to prove these special circumstances for a defendant who is not the actual killer but who is guilty of first degree felony murder as an aider and abettor, the People must prove either that the defendant intended to kill, or the People must prove all of the following: [¶] 1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life.  [¶]  A person acts with reckless indifference to human life when he knowingly engages in criminal activity that he or she knows involves a grave risk of death.  [¶] . . . [¶]  If you decide that the defendant is guilty of first degree felony murder, but you cannot agree whether the

4

defendant was the actual killer, then, in order to find these special circumstances true, you must find either that the defendant acted with intent to kill or you must find that the defendant acted with reckless indifference to human life and was a major participant in the crime. When you decide whether the defendant was a major participant, consider all the evidence. Among the factors you may consider are: [¶] 1. What role did the defendant play in planning the criminal enterprise that led to the death? [¶] 2. What role did the defendant play in supplying or using lethal weapons? [¶] 3. What awareness did the defendant have of particular dangers posed by the nature of the crime, any weapons used, or past experience or conduct of the other participants? [¶] 4. Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder? [¶] 5. Did the defendant's own actions or inactions play a particular role in the death? [¶] 6. What did the defendant do after lethal force was used? [¶] No one of these factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant was a major participant. [¶] If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in the crime for the special circumstances of murder during the commission of a robbery and murder during the commission of a burglary to be true. If the People have not met this burden, you must find these special circumstances have not been proved true."[3]

---

[3]     Although *Clark* was decided in 2016 (before defendant's trial), optional language incorporating *Clark*'s list of factors relevant to assessing reckless indifference to human life was not

5

The trial court held a hearing on defendant's section 1172.6 petition and denied it, finding defendant could not establish a prima facie case for relief. The court determined it "[could] look at the verdict forms and say, along with the jury instructions, the jury had to find the requirements of *Banks* and *Clark*, or specific intent to kill," either of which would establish defendant was ineligible for resentencing because he could be convicted for murder under current law.

## II. DISCUSSION

Defendant argues that because the CALCRIM No. 703 instruction listed the *Banks* "major participant" factors but not the *Clark* "reckless indifference" factors, the jury's special circumstance findings do not make him ineligible for resentencing under section 1172.6. That is not the law. A jury need not be instructed on the *Clark* factors to properly make a finding of reckless indifference to human life. (*People v. Farfan* (2021) 71 Cal.App.5th 942; see also CALCRIM No. 703 [stating, in the instruction's bench notes, that a trial court should determine whether *Clark*'s list of factors relevant to reckless indifference to human life need be given to the jury].) Because defendant's jury could have found the special circumstances true on a felony murder theory only if it found—post-*Banks* and *Clark*—that he was a major participant in a crime who acted with reckless indifference to human life, the trial court correctly concluded he was ineligible for section 1172.6 resentencing.

added to CALCRIM No. 703 until 2020 (after defendant's trial). (Compare CALCRIM No. 703 (Sept. 2019) with CALCRIM No. 703 (Apr. 2020).)

6

*A. Section 1172.6 Eligibility*

Section 1172.6 relief "is unavailable if the defendant was . . . the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).) The latter reference is to the same statute, containing the same two elements, that [our Supreme Court] had clarified in *Banks* and *Clark* . . . . [Jury] findings made after *Banks* and *Clark* ordinarily establish a defendant's ineligibility for resentencing . . . and thus preclude the defendant from making a prima facie case for relief. If a jury has determined beyond a reasonable doubt that a defendant was a major participant who acted with reckless indifference to human life, as those phrases are now understood and as the Legislature intended them to be understood when incorporating them into Penal Code section 189, then that defendant necessarily could still be convicted of murder under section 189 as amended. [Citations.]" (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

*B. A Post-*Banks*, Post-*Clark *Determination that Defendant Was a Major Participant Who Acted with Reckless Indifference to Human Life Renders Him Ineligible for Resentencing Under Section 1172.6*

One of the cases the *Strong* court cites in explaining a post-*Banks*, post-*Clark* jury finding of major participation and reckless indifference ordinarily precludes section 1172.6 relief (*Strong*, *supra*, 13 Cal.5th at 710) is *Farfan*, *supra*, 71 Cal.App.5th 942. That case, which is analogous to this case in all material

7

respects, held the defendant was properly found ineligible for section 1172.6 relief. We shall review *Farfan* and explain why we reach the same result.

The defendant in *Farfan* was convicted of first degree murder (among other offenses) and the jury found true a robbery-murder special circumstance allegation. (*Farfan*, *supra*, 71 Cal.App.5th at 946.) As in this case, the jury received an instruction based on CALCRIM No. 703 that informed the jury "it could not find the robbery-murder special circumstance true unless it was satisfied beyond a reasonable doubt that [the defendant] intended to kill *or* he was a *major participant* in the crime, *and*, when he participated in the crime, *he acted with reckless indifference to human life*." (*Id.* at 954.) Although Farfan's jury returned its verdict after *Banks* and *Clark* were decided, it was "not instructed with the *Banks* and *Clark* factors." (*Id.* at 955.)

The Court of Appeal held this did not warrant reversal. The *Farfan* court explained our Supreme Court "'has not required that juries be instructed on the clarifications, and in the wake of *Banks* and *Clark*, no mandatory language or material changes were made to the CALCRIM special circumstance instructions.' [Citations.]" (*Ibid.*) Accordingly, the court held, "[t]he jury's robbery-murder special-circumstance finding constitute[d] a valid finding beyond a reasonable doubt that [the defendant] had the intent to kill or was a major participant in the robbery who acted with reckless disregard for human life, and that finding ma[de] [the defendant] ineligible for relief under [former] section [1172.6] as a matter of law." (*Id.* at 956.)

The scenario in *Farfan* is the same scenario we confront here. Instructing a jury with the list of factors identified in

8

*Banks* and *Clark* remains optional for trial court judges and our Supreme Court has confirmed "the mandatory [jury] instructions did not change in the wake of *Banks* and *Clark* . . . ." (*Strong*, *supra*, 13 Cal.5th at 719.) To be sure, major participant and reckless indifference findings that *pre*-date *Banks* and *Clark* often do *not* foreclose relief under section 1172.6, but the reason this is so is not because juries must be instructed on all the particulars of the factors our Supreme Court identified in those cases. (*Ibid.*) Rather, *Strong* explains it is because of more general changes to the trial environment, including new arguments and trial strategies available to defense counsel. (*Ibid.*)

Defendant argues that even though juries need not be instructed on the *Banks* and *Clark* factors as a general matter, his jury should have been provided the *Clark* "reckless indifference" factors because the *Banks* "major participant" factors were enumerated. Defendant believes this incongruence suggested the reckless indifference element of a special circumstances finding was less important, lowered the prosecution's burden of proof, and "permitted the jury to convict [him] on an invalid legal theory: that [he] acted with reckless indifference based solely on the fact that he aided and abetted a robbery or a burglary." There are two problems with this argument. One, and most fundamentally, the CALCRIM No. 703 instruction given to defendant's jury did define reckless indifference to human life ("knowingly engag[ing] in criminal activity that [one] knows involves a grave risk of death") precisely in the manner our Supreme Court has defined it. (*In re Scoggins* (2020) 9 Cal.5th 667, 676.) There is no reason why defendant's trial jury would have thought further elaboration was required or

9

missing (see, e.g., *People v. Estrada* (1995) 11 Cal.4th 568, 578), nor reason on this record why enumeration of the factors identified in *Clark*—which overlap to a significant degree with the *Banks* major participation factors (*Clark*, *supra*, 63 Cal.4th at 615)—would have made a difference.  Two, defendant's argument to avoid the same result here as in *Farfan* ultimately rests on the incorrect belief, rejected in *Strong*, that a trial court has a sua sponte duty to include the *Banks* and *Clark* factors in a jury instruction.  (*Strong*, *supra*, 13 Cal.5th at 719-720; see also *Estrada*, *supra*, at 578.)  There is no requirement that the optional *Banks* and *Clark* factors be given (or not given) to a jury in unison because there is no sense in which elaborating on the meaning of "major participant" would undermine a reckless indifference to human life finding; indeed, if anything, the contrary is true in light of the overlap between the concepts.

Defendant's alternative contention is that reversal is required because the trial court erroneously believed the jury *had* been instructed on both the *Banks* and *Clark* factors. Notwithstanding our de novo review, defendant apparently believes this was some sort of an abuse of discretion based on a mistake of fact.  Any mistaken impression the trial court may have harbored is of no consequence because a trial court does not "engage in factfinding that requires weighing evidence or exercising discretion" at the prima facie stage of a section 1172.6 determination.  (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)  Our de novo review encompasses the same materials considered by the trial court and we hold there was no error in finding defendant ineligible for section 1172.6 relief as a matter of law.

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.


11